COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Agee and Senior Judge Coleman


RONALD LAWSON

                                        MEMORANDUM OPINION*
v.    Record No. 0911-01-2                 PER CURIAM
                                        SEPTEMBER 11, 2001
HANOVER JUVENILE CORRECTIONAL CENTER/
 COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Timothy J. Healy, on brief), for appellant.

          (Randolph A. Beales, Acting Attorney General;
          Gregory E. Lucyk, Senior Assistant Attorney
          General; Catherine Crooks Hill, Assistant
          Attorney General, on brief), for appellee.


     Ronald Lawson (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that he sustained an injury by accident arising out of and in

the course of his employment on July 21, 1999.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,'

_____
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citations omitted). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant did not prove that he was injured as a result of a specific incident at work on July 21, 1999. In so ruling, the commission summarized claimant's testimony as follows:

> [C]laimant candidly testified at the hearing that he was unaware of stepping on any nail, screw, or other construction debris during his workday on July 21, 1999. The claimant testified that he dressed for work at home, walked down two flights of stairs and across a parking lot to his car, and then drove directly to work. After completing his eight-hour shift, the claimant drove back to his home, walked across the parking lot and up two flights of stairs before entering his apartment. The claimant did not notice the blood in his left sock until after he arrived home and removed his shoes, and later observed a small hole in the sole of his left shoe. The claimant himself initially thought that the blood was from "a break in the skin from walking so much that day," and only later speculated that he "possibly" stepped on a nail or some other sharp object in the area around Unit 15. In this regard, we note that the claimant's admitted loss of feeling in his left foot,

-

resulting from his bilateral foot
neuropathy, made it impossible for even the
claimant to know precisely when or where he
suffered the puncture wound.

Based upon these factual findings, which are supported by claimant's testimony, the commission was entitled to conclude that "the mere speculative possibility that the puncture wound occurred while the claimant was working on July 21, 1999, does not carry his burden of proving by a preponderance of the evidence that he experienced a compensable injury by accident." In addition, as fact finder, the commission was entitled to give little probative weight to Dr. John W. Snoddy's opinions because they were based upon the speculative possibility that claimant injured his foot while working on July 21, 1999.

In light of the lack of any evidence, beyond conjecture, that claimant's injury was caused by his stepping on a sharp object at work, we cannot find as a matter of law that claimant's evidence sustained his burden of proving that his injury was caused by a specific identifiable incident or sudden precipitating event occurring at work on July 21, 1999.

For these reasons, we affirm the commission's decision.

Affirmed.

-